IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT TERDJANIAN, | ) | |
| Petitioner, | ) | Civil Action No. 18-166 Erie |
| | ) | |
| v. | ) | |
| | ) | Judge Susan Paradise Baxter |
| WARDEN, FCI MCKEAN, | ) | |
| Respondent. | ) | |

## MEMORANDUM

Pending before the Court[1] is a petition for a writ of habeas corpus (ECF No. 5) filed by federal prisoner Robert Terdjanian ("Petitioner") pursuant to 28 U.S.C. § 2241. For the reasons that follow, the petition is denied.

## I.

**A.**  **Relevant Background**

On August 15, 2013, the United States District Court for the Southern District of New York sentenced Petitioner to a 125-month term of imprisonment for Racketeering Conspiracy. Petitioner is currently incarcerated at FCI McKean, which is located within the territorial boundaries of this Court.

Immigration and Customs Enforcement ("ICE") has placed a detainer on Petitioner concerning his possible deportation. In his petition for a writ of habeas corpus, Petitioner contends that the Bureau of Prisons ("BOP") improperly denied programming that is available to other prisoners due to the ICE detainer. Specifically, he contends that he has been improperly denied consideration for community confinement under 18 U.S.C. § 3624(c) because he is a deportable alien, in violation of his equal protection rights.

---

[1] On September 14, 2018, the undersigned was sworn in as a United States District Judge. This action was reassigned to this Court's docket on September 21, 2018.

Respondent has filed his answer (ECF No. 9), in which he asserts that the Court should deny the petition because Petitioner did not exhaust his administrative remedies and, alternatively, because Petitioner's request for habeas relief has no merit. Petitioner did not file a reply. LCvR 2241(D)(2) (a petitioner may file a Reply within 30 days of the date the respondent files the Answer).

**B.     Discussion**

This Court has jurisdiction to consider Petitioner's request for habeas relief under 28 U.S.C. § 2241, which confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging the way in which the BOP is executing his sentence. Cardona v. Bledsoe, 681 F.3d 533, 535-38 (3d Cir. 2012); Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 243 (3d Cir. 2005).

In order to obtain federal habeas relief under § 2241, a federal prisoner must have first exhausted the BOP's administrative remedies. See, e.g., Vasquez v. Strada, 684 F.3d 431, 433 (3d Cir. 2012) (citing Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996)).[2] Respondent has demonstrated that Petitioner did not exhaust his available administrative remedies. (Resp's Ex. 1, Decl. of Ondreya Barksdale, ¶ 5).

Additionally, Respondent also has demonstrated that Petitioner's request for habeas relief has no merit. In Builes v. Warden Moshannon Valley Correctional Center, 712 F. App'x 132 (3d Cir. 2017), the petitioner raised a similar claim. He argued that his equal protections rights were "violated because his

---

[2]     The BOP's administrative remedy procedure is set forth at 28 C.F.R. § 542.10 *et seq.*, and provides formal review of any complaint that relates to any aspect of the inmate's confinement. Under this process, inmates are encouraged to first attempt resolution of their complaints informally by addressing the matter with a member of their Unit Team. 28 C.F.R. § 542.13. If informal resolution is insufficient to resolve the matter, the inmate may file a formal complaint with the Warden. 28 C.F.R. § 542.14(a). If the inmate is not satisfied with the Warden's response, he may appeal the response to the Regional Director within 20 days of the date of the Warden's response. 28 C.F.R. § 542.15(a). If the inmate is dissatisfied with the Regional Director's response, he may file a Central Office Appeal with the BOP's Office of General Counsel in Washington, D.C. within 30 days of the date of the Regional Director's response. Id. Appeal to the Office of General Counsel is the final administrative appeal in the BOP. Id.

status as an alien prevents him from participating in [BOP] programs that are available to inmates who are United States Citizens[,]" such as the residential drug program, a camp program, community confinement, and home release. 712 F. App'x at 133. The Court of Appeals explained that because prisoners subject to detainers are not a recognized suspect class, to state an equal protection claim a petitioner "must at a minimum allege that he was intentionally treated differently from others similarly situated by the defendant and that there was no rational basis for such treatment." Id. (citing Phillips v. County of Allegheny, 515 F.3d 224, 243 (3d Cir. 2008) and Reno v. Flores, 507 U.S. 292, 306 (1993)). It also explained that "[t]he BOP has discretion to place prisoners in a residential substance abuse treatment program and in various types of pre-release custody (*e.g.*, a community correctional facility or home confinement)" and that, pursuant to BOP policies, "[ICE] detainees are not eligible for early release or pre-release alternatives." Id. at 134.

In affirming the district court's decision to deny habeas relief, the Court of Appeals concluded that the BOP's policies "survive rational basis review":

> Under the rational basis test, a government policy is valid if it is rationally related to a legitimate governmental interest. Lyng v. Int'l Union, UAW, 485 U.S. 360, 370, 108 S.Ct. 1184, 99 L.Ed.2d 380 (1988). Excluding ICE detainees from residential drug rehabilitation programs, community-based confinement, and UNICOR assignments is rationally related to legitimate BOP interests in reducing the flight risk posed by prisoners facing removal and in making rehabilitative programs available only to prisoners who have a lawful right to remain in the United States. See [Gallegos-Hernandez v. United States, 688 F.3d 190, 196 (5th Cir. 2012)] (noting support for "the determination that ICE detainees are ineligible to participate in prerelease halfway house confinement is rationally related to preventing those detainees from fleeing during the community-based portion of those programs."); [McLean v. Crabtree, 173 F.3d 1176, 1186 (9th Cir. 1999)] ("[E]xcluding prisoners with detainers from participating in community-based treatment programs, and consequently from sentence reduction eligibility, is at least rationally related to the BOP's legitimate interest in preventing prisoners from fleeing detainers while participating in community treatment programs.").

Id. at 134-35. Accordingly, the BOP's limitation on removable aliens from consideration for community confinement does not violated the Petitioner's equal protections rights. See also Franco v. Bureau of

3

Prisons, 207 F. App'x 145 (3d Cir. 2006) (affirming, on rational basis review, district court's rejection of equal protection challenge to BOP prison transfer policy, which distinguishes between prisoners who are subject to immigration detainers and other custodial considerations and those who are not); Adeyeye v. Dep't of Homeland Security, 198 F. App'x 196 (3d Cir. 2006) (categorically excluding prisoners subject to removal detainers from the early release incentive provided under the substance abuse program was a legitimate exercise of BOP's discretion).

## II.

For the foregoing reasons, the petition for a writ of habeas corpus is denied.[3] An appropriate Order follows.

Dated: March 27, 2019

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge

---

[3] 28 U.S.C. § 2253 sets forth the standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the dismissal of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000), abrogated on other grounds by Gonzalez v. Thaler, 565 U.S. 134 (2012).